**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| RAMON HOSEA MCGRAW, <br> ADC # 142102, <br>       Plaintiff, <br> v. <br> <br> EDWARD ADAMS, Captain, W. C. Dub <br> Brassell Detention Center; *et al.*, <br>       Defendants. | * <br> * <br> * <br> * <br> * <br> *   No. 5:12-cv-00260-SWW-JJV <br> * <br> * <br> * <br> * |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

      The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### **DISPOSITION**

Plaintiff's Complaint[1] seeks relief in the form of a federal court order requiring the Jefferson County Circuit Court to drop his pending criminal charges. (Doc No. 2 at 14.) The criminal charges appear to arise from the same events alleged in this § 1983 cause of action.

The record reveals that Plaintiff's claims are barred under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* principle provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Because Plaintiff's state criminal case is still pending, "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56. The United States Supreme Court reaffirmed its

---

[1] The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

commitment to the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" in a recent decision, *Wallace v. Kato*, 549 U.S. 384, 392 (2007), citing *Heck v. Humphrey*, 512 U.S. 477, 482 (1993).

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See* [*Heck*], at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

*Wallace*, 549 U.S. at 393-94.

While the record appears clear that the state case is still before the Jefferson County Circuit Court, it is possible that case has been adjudicated. If so, Plaintiff should state this in his objections to the Recommended Disposition. Counsel for Defendant Adams should also notify the Court if the state case is no longer pending.

IT IS, THEREFORE, RECOMMENDED that:

1. All pending motions should be DENIED as set forth above.

2. This case should be administratively closed pending final disposition of Plaintiff's state case. At that time, Plaintiff may file a motion to reopen this case.

DATED this 25th day of September, 2012.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE